MILLER (RICHARDSON v.). See Case No. 11,791.

MILLER (ROBERTSON v.). See Case No. 11,926.

MILLER v. The ST. JOSEPH. See Cases Nos. 12,229 and 12,230.

MILLER (SANGSTER v.). See Case No. 12,-320.

MILLER (SCHRENKEISEN v.). See Case No. 12,480.

MILLER v. SCOTT. See Case No. 5,620.

## Case No. 9,589.

MILLER v. SMITH et al.

[4 Ban. & A. 314; [1] 16 O. G. 313.]

Circuit Court, D. Connecticut. May, 1870.

PATENTS—CLAIM—INFRINGEMENT—PADLOCKS.

Upon the construction given by the court to the second claim of the patent granted to

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

James W. Lyon, for improvement in padlocks, dated April 22d, 1862, and numbered 35,030, the defendants *held* not to have infringed.

[This was a bill by Nathan G. Miller against Friend W. Smith and others for an injunction to restrain the alleged infringement of certain letters patent.]

Charles E. Mitchell and Benjamin F. Thurston, for complainant.
Rodney Mason, for defendants.

SHIPMAN, District Judge. This is a bill in equity, based upon the alleged infringement of letters patent [No. 35,030] which· were granted to James W. Lyon, on April 22d, 1862, for an improvement in padlocks. The patent was assigned to the plaintiff on March 18th, 1874. The device, which is alleged to be an infringement, is used upon the post-office street letter-boxes in various cities of the country, and is manufactured by the defendants under a contract with the United States government, and was patented December 23d, 1873. It was adopted by the post-office department after a competitive trial, and is a secure and successful lock. There is no evidence that the plaintiff's lock has ever been manufactured, and there is satisfactory evidence that it is an unsafe lock. The patent was purchased after the plaintiff knew that the defendants had obtained their contract.

The specification of the plaintiff's patent states as follows: "The first part of my invention consists in combining with the shackle two separate and independent sets of tumbler-catches—one set to lock the heel, and the other set to lock the front or staple of the shackle—the two sets being so arranged and so adapted to each other, substantially as hereinafter described, that both sets are released from the shackle by the direct action of the key lifting the several tumblers of each set, in the usual manner of actuating tumblers, by a key, and without the employment of other intervening mechanism, between the key and either end of the shackle, than the tumbler-catches, which are each so constructed and so arranged and adapted to each other in the combination as to perform the function of a catch or bolt, a tumbler, and a detector, the whole performing the office, and affording the security of a double series of tumbler catches. The second part of my invention" (which is the part claimed to have been infringed) "consists in providing against the release of the tumbler-catches from the heel of the shackle by the action of a key, other than the proper key or a duplicate thereof, by the relative arrangement of the grooves g, in the dogs or tumbler catches a, with the pins of flanges b on the part d, projecting from the heel of the shackle, whereby they act in combination with each other as guards or detectors against attempts to open the lock with a key or other instrument which will move the tumblers a to a greater or less distance than the proper key." The second claim is as follows: "I

claim in combination, the grooves g, in the dogs a, and the flanges or pins on the projecting part of the heel of the shackle, substantially as and for the purpose described."

If the second claim is for a combination of gated tumblers, called grooves in the patent, which must be moved to a definite distance before the lock can be unlocked, with a stump or projection mounted upon the heel of a shackle, extending below the point of suspension of the shackle, on the opposite side of the pivot from the nose, these parts being so arranged that the ends of the tumblers nearest the stump are in such location, with respect to the stump on the heel, that the parts of the tumblers in which there are no gates will directly resist any attempt to open the shackle until the tumblers are so moved that the gates come directly opposite the stump, then the defendants infringe. In other words, if the plaintiff's patent is broad enough to include any projection upon the heel of a shackle, extending downward below the pin on which the shackle vibrates, and acting in combination with grooved or slotted tumblers, so as to enter the slots of the tumblers when the tumblers are acted upon by the proper key, then it includes the defendants' lock.

But I think that the second claim of the plaintiff's patent is for the particular mechanism therein specified. Padlocks, locking either with single or double acting tumblers or levers or slides, and locking either at the heel or nose of the shackle, or by means of a stump or projection extending from the heel engaging with gated tumblers (the term "heel" including that portion of the shackle which is at all times within the case), are old, and, so far as the principle of operation is concerned, it is not material to which part of the bolt or shackle, within the case, the tumbler is applied. In the present state of lock-making an inventor can hardly obtain an exclusive right to the location of his mechanism upon any particular part of the bolt or shackle.

The invention of the plaintiff's assignor, which is mentioned in the second claim, did not consist in placing a stump or pin upon an extension of the heel of the shackle below the point of suspension of the shackle upon its pivot, but it consisted in the manner of the construction of the flanges or pins upon the projection which together answered the purposes of a stump, and in the manner in which it engaged with the tumblers. This invention was one of narrow limits. His padlock had two parallel plates having grooves upon their inner and opposed faces or slots, and a projection extending below the pivot on the heel of the shackle, on which were flanges or pins, which, bearing against the ends of the plates or tumblers, prevented the shackle from being turned until the tumblers were so turned by the key that the flanges or pins were in opposition to the grooves or slots, when the shackle could be turned, the end of the projection passing between the plates, as the grooves or slots received the flanges or pins.

The lock of the defendants, as shown in their patent, has a long curved L-shaped arm extending from the heel of the shackle below the point of suspension of the shackle upon its pivot. A key, inserted in the key-hole which opens in the bottom of the case, is brought to bear upon a set of slotted loosely-pivoted tumblers resting upon each other, raising them until their slots come into line with each other and directly opposite the end of the arm of the shackle which had rested against the shoulders of the tumblers, and is then caused to enter the slots. There is no infringement. Let the bill be dismissed.